# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID F. CALABOTTA, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-cv-03197 |
| PIBRO ANIMAL HEALTH CORP., | ) |
| Defendant. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Before the Court is Defendant's[1] Motion to Dismiss (d/e 6). Defendant argues that Plaintiff David F. Calabotta has not met the administrative prerequisites to sue under the Americans with Disability Act ("ADA") because he did not file his claim with the Equal Employment Opportunity Commission ("EEOC") within 180 days. Therefore, Defendant argues Plaintiff's complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Defs. Mot. (d/e 6). Because the Court finds that Plaintiff only needed to

---

[1] The parties disagree on whether the Defendant should be identified as Pibro Animal Health Corp. or Prince Agri Products, Inc. The Court does not have the proper factual record to resolve the dispute at this time and it is not material to the resolution of this motion.

file his claim with the EEOC within 300 days, Defendant's Motion is DENIED.

## I. BACKGROUND

The facts as stated in the complaint must be accepted by the Court as true when ruling on a motion to dismiss. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). This action arises from claims of disability discrimination under the ADA, 42 U.S.C § 12113(b)(4). Plaintiff does not allege state law claims. Plaintiff was employed by Defendant from 2008 until August 19, 2016. Compl. ¶¶ 10 and 37 (d/e 1). In 2014, Plaintiff's wife was diagnosed with breast cancer, and her condition continued to deteriorate through 2015 and 2016. Id. at ¶¶ 15 and 16. At work, "Plaintiff was open about his wife's health issues and discussed her condition and prognosis with his co-workers and superiors." Id. at ¶ 16. Plaintiff alleges he was discriminated against "on account of his association with a person with a disability by, among other things, failing and refusing to consider him for the position of Senior Vice President of Marketing and Product Management in or about July and August 2016 and terminating his employment on August 19, 2016." Id. at ¶ 48.

On June 10, 2017, Plaintiff filed a charge of discrimination with the EEOC. Compl. at ¶ 4 (d/e 1). The parties agree that Plaintiff filed his charge more than 180 days, but less than 300 days after the alleged unlawful employment practice occurred. On July 7, 2017, the EEOC issued a Notice of Right to Sue. Id. Plaintiff filed this complaint on September 18, 2017.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff brings a claim based on the ADA, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because the events giving rise to the claim occurred in Adams County, Illinois. See 28 U.S.C. § 1391(b)(2) (a civil action may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

## III. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for

relief, a party need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the pleading in the light most favorable to the pleader, accepting all well-pleaded allegations as true and construing all reasonable inferences in pleader's favor.  Id.

### IV. ANALYSIS

A plaintiff must exhaust all administrative requirements before filing a suit in federal court under the ADA, including the requirement that the plaintiff timely file a charge with the EEOC.  Normally, the charge must "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  However, where the plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice" the plaintiff's time to file with the EEOC is extended and must be filed "within three hundred days after the alleged unlawful employment practice occurred."  Id. (emphasis added).  See also, 42 U.S.C. § 12117 (stating that the

procedures set forth in § 2000e-5 apply to claims brought under the ADA). State or local agencies with such authority are designated as fair employment agencies or "FEP agencies." 29 C.F.R. § 1601.70. However, the EEOC regulations clarify that, "[a] jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency." 29 C.F.R. § 1601.13.

Here, the parties agree that the relevant state agency, the Illinois Department of Human Rights, is authorized to grant relief from unlawful employment practices. Therefore, Illinois is generally "considered a 'deferral' state whose residents are not required to file with the EEOC until 300 days after the act of discrimination so long as they meet the statutory prerequisite for the extended filing period." Gilardi v. Schroeder, 833 F.2d 1226, 1230 (7th Cir. 1987) (citing Lorance v. AT & T Technologies, Inc., 827 F.2d 163, 165 n. 2 (7th Cir. 1987). Further, Plaintiff did not need to actually file with the Illinois Department of Human Rights in order to benefit from the 300-day filing period because the EEOC and the Illinois Department of Human Rights have a worksharing agreement.

Under this agreement, state proceedings were considered initiated and terminated upon receipt of Plaintiff's charge by the EEOC. See Sofferin v. Am. Airlines, Inc., 923 F.2d 552, 554 (7th Cir. 1991) (explaining worksharing agreement). Therefore, so long as the Illinois Department of Human Rights was an agency "with authority to grant or seek relief" from the unlawful practice alleged by Plaintiff, the 300-day time period applies.

Defendant argues that Plaintiff was required to file his charge within 180 days because the Illinois Department of Human Rights does not have "authority to grant or seek relief from" an associational disability discrimination claim. See Defs. Memo. at 4-5 (d/e 7). Defendant points to a number of cases where courts have found that the 180-day time period applies, despite the existence of an FEP agency, where the FEP agency had no jurisdiction over the defendant-employer at all. In this Circuit, the Northern District of Illinois has held that the 180-day filing deadline applied to a plaintiff's discrimination charge even though Illinois has an FEP agency. Vitug v. Multistate Tax Comm'n, 860 F. Supp. 546, 550–51 (N.D. Ill. 1994), aff'd, 88 F.3d 506 (7th Cir. 1996). The Vitug court reasoned that because "the Illinois Human Rights Act does not

apply to employers such as [the defendant], which have fewer than fifteen employees within the state of Illinois," the Illinois Department of Human Rights lacked jurisdiction over the plaintiff's discrimination charge. Id.

Defendant also points to a number of cases outside the Seventh Circuit with similar holdings. See Dezaio v. Port Auth., 205 F.3d 62, 64 (2d Cir. 2000) ("Unfortunately for plaintiff it is the shorter period that applies to his case because his employer, the Port Authority of New York and New Jersey, is not subject to the discrimination laws of New York."); Harter v. Cnty. of Washington, et. al., No. CIV.A. 11-588, 2012 WL 1032478, at *5 (W.D. Pa. Mar. 27, 2012) (finding that the 180-day filing period applies where the employer, a county judge, is not subject to Pennsylvania state anti-discrimination laws); Moore v. Dartmouth Coll., No. CIV. 99-37-M, 2001 WL 1326584, at *4 (D.N.H. Sept. 28, 2001) (finding the 180-day filing period applies because the state statute's "jurisdiction does not extend to educational or non-profit organizations, like Dartmouth"); Benn v. First Judicial Dist. of Pa., No. 98-5730, 2000 WL 1236201, at *2 (E.D. Pa. Apr. 26, 2000) (noting, after Plaintiff conceded, that the 180-day period applied because the employer

was the federal government).  See also, MacDonald v. Grace Church Seattle, 457 F.3d 1079 (9th Cir. 2006) (finding 180-day time period applied where state statute excluded nonprofit religious employers like the defendant); Morris v. Eberle & BCI, LLC, No. CIV. 1:13-06113 NLH/, 2014 WL 4352872, at *4 (D.N.J. Sept. 3, 2014) (finding the 180-day time period applied where state statute was not enforceable against employer located on federal enclave); Cummings v. Brookhaven Sci. Assocs., LLC, No. 11 CV 1299 DRH ETB, 2011 WL 6371753, at *7 (E.D.N.Y. Dec. 20, 2011) (finding the 180-day time period applied where state statute was not enforceable against employer located on federal enclave).

However, these cases are distinguishable from the present case because they involve the much simpler determination of whether a state statute confers jurisdiction over an employer. See EEOC v. Dolgencorp, LLC, 206 F. Supp. 3d 1309, 1316 (E.D. Tenn. 2016),[2] ("Unlike the simple determination that a state does not protect against a general type of discrimination, or that a state's

---

[2] Plaintiff refers to this case as EEOC v. Atkins in his response brief. However, "Atkins" was the name of the intervening plaintiff, not the defendant.

discrimination laws do not extend to a particular defendant or location, the avenue defendant is asking the Court to travel would require applicants, the EEOC, and courts to resolve complex state law issues before deciding which filing deadline applies."). Here, the Court is confronted with the more complex issue of whether a state law can be construed to include a specific type of disability claim.

As the Plaintiff notes, Illinois courts have not explicitly addressed whether the Illinois Human Rights Act covers associational disability claims and the potential for such a claim is not necessarily foreclosed by the lack of express designation in a statute. Pl. Resp. at 9-10 (d/e 13); see, e.g. Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 280 (2d Cir. 2009) (holding that plaintiff can bring an associational discrimination claim under the Rehabilitation Act despite no express language authorizing such a claim because the Rehabilitation Act broadly authorizes "[a]ny person aggrieved by any act or failure to act by any recipient of Federal assistance" under the Rehabilitation Act to bring suit), citing 29 U.S.C. § 794a(a)(2). Illinois Courts have instructed that the Illinois Human Rights Act is to be liberally construed to achieve its purpose of preventing discrimination in the workplace. See

Sangamon Cty. Sheriff's Dep't v. Illinois Human Rights Comm'n, 233 Ill. 2d 125, 140, 908 N.E.2d 39, 47 (2009).  Further, like the Rehabilitation Act, an "aggrieved party" under the Illinois Human Rights Act includes any "person who is alleged or proved to have been injured by a civil rights violation."  775 ILCS 5/1-103(B).  A claim of associational disability, while not expressly allowed by the statute, is not specifically foreclosed by it either when the statute is read liberally to achieve its purpose.  This Court is not holding that such a claim necessarily exists under the Illinois Human Rights Act, merely that it would be possible for a court to hold that such a claim exists.

    Plaintiff argues that the Court should avoid using an analysis that will involve complex state law determinations.  Instead, Plaintiff urges the Court to interpret § 2000e-5(e)(1) to allow for the longer 300-day time period whenever the state statute generally covers the category of discrimination alleged.  Plaintiff argues the 300-day time period applies here because the Illinois Department of Human Rights has the general authority to grant or seek relief from claims of disability discrimination.  See Pl. Resp. at 4 (d/e 13); 775 ILCS 5/2-103(Q) (defining unlawful discrimination to include

discrimination on the basis of disability). Even though the Illinois Human Rights Act differs from the ADA in that it does not explicitly authorize claims of associational disability discrimination, it does cover the practice of disability discrimination generally. 775 ILCS 5/2-102); 775 ILCS 5/2-103(Q). Therefore, Plaintiff argues, the Illinois Department of Human Rights has the power to grant or seek relief from any claims of disability discrimination in the workplace.

If the Court does not take this general approach, complainants and the EEOC will necessarily have to deal with complicated issues of state law to determine whether a claim has any potential of being allowed under state law. The Supreme Court's policy rationale in E.E.O.C. v. Commercial Office Prod. Co., 486 U.S. 107, 124 (1988), which interprets the same statute, supports a general approach. In light of the fact that discrimination statutes involve "a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process," the Supreme Court advised that courts should avoid interpreting complicated issues of state law that would confuse lay complainants. Id. at 124. In Commercial Office Prod. Co., the Supreme Court held that a plaintiff who files a discrimination charge that is untimely under state law is still

entitled to the 300-day federal filing period.  Id. at 123.  The Supreme Court reasoned that using state limitations periods would confuse lay complainants and "embroil the EEOC in complicated issues of state law."  Id.

Relying on the Commercial Office Prod. Co. policy rationale, two district courts facing similar issues to the one here found the 300-day filing period applied.  In Moher v. Chemfab Corp., 959 F. Supp. 70, 72 (D.N.H. 1997), the District of New Hampshire held that "a complaint about discrimination within one of the generally protected areas, such as disability, that is filed with [the FEP agency] within 300 days of the last discriminatory action, will be considered timely filed for purposes of the EEOC filing deadline." Citing Commercial Office Prod. Co., the Court found that "whether a state agency has 'authority to grant or seek relief' with respect to a discrimination complaint is a matter properly decided based upon a general view of the enabling legislation establishing the state agency."  Moher, 959 F. Supp. at 72.  Therefore, while a claim for reasonable accommodation of a disability was not actionable under the state statute, the plaintiff's reasonable accommodation claim

was still timely since it was filed with the EEOC within the 300-day period.  Id.

More recently, in EEOC v. Dolgencorp, LLC, 206 F. Supp. 3d 1309 (E.D. Tenn. 2016), the EEOC brought an action on behalf of a former employee of defendant and asserted claims under the ADA, including failure to provide a reasonable accommodation.  Id. at 1311.  Dolgencorp held that the 300-day time period applied because the FEP agency had general authority to decide disability claims, even though the failure to accommodate claim was not explicitly recognized under the state law.  Id. at 1312-13.  Dolgencorp found that the plain language of § 2000e-5(e) allowed for an interpretation that the state agency only needed to have the power to grant or seek relief from the practice of disability discrimination generally, not a specific type of claim within that category.  Id.

This Court agrees with the holdings of Moher and Dolgencorp and holds that the 300-day time period under 42 U.S.C. § 2000e-5(e) applies so long as the state or local agency has authority to grant or seek relief from the general category of discrimination alleged by a complainant.  Here, where the Illinois Department of

Human Rights had the authority to grant or seek relief from disability discrimination, the Court finds that Plaintiff's disability claim was timely filed with the EEOC because it was filed within 300 days of the alleged unlawful discrimination.

## V. CONCLUSION

Defendant's Motion to Dismiss (d/e 6) is DENIED. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant shall answer or otherwise plead within 14 days of the entry of this order.

**ENTERED: February 9, 2018**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**